**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

NICANDRO ROSALES,

    Plaintiff,

v.

JERRITT CANYON GOLD LLC, *et al.*,

    Defendants.

Case No. 3:25-CV-00173-ART-CLB

**ORDER DENYING MOTION TO STAY DISCOVERY**

[ECF No. 35]

    Currently pending before the Court is Defendants' Jerritt Canyon Gold LLC and FM US Holdings Limited (collectively referred to as "Defendants"), motion to stay discovery, (ECF No. 35). Plaintiff Nicandro Rosales ("Rosales"), responded to the motion, (ECF No. 42), and Defendants replied, (ECF No. 43). For the reasons set forth below, the Court denies the motion to stay discovery.

    To determine if a stay is appropriate pending the ruling on a motion to dismiss, the court must consider the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1] The Court must take a "preliminary peek" at the merits of the underlying dispositive motion to find whether the plaintiff can state a claim. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *See id.*

    In conducting its review, the Court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide

---

[1] The undersigned follows the majority approach within the District when adjudicating motions to stay discovery—i.e., the preliminary peek framework outlined in *Kor Media*—and expressly adopts the analysis from Judge Koppe's order in *Flynn v. Nevada*, 345 F.R.D. 338 (D. Nev. 2024), which rejects the "good cause" approach.

1  whether it is more just to speed the parties along in discovery while a dispositive motion
2  is pending or to delay discovery to accomplish the inexpensive determination of the case.
3  *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

4        With these principles in mind, the Court turns to the pleadings and motions
5  underlying Defendants' motion to stay discovery. Pursuant to the *Kor Media* factors, the
6  Court must first determine whether Defendants' motion to dismiss is potentially
7  dispositive. Here, Defendants' motion primarily seeks dismissal of Rosales's claims on
8  the basis that Rosales has failed to state "plausible claims for unpaid wages, failure to
9  pay minimum wage, or failure to pay overtime wages, both under the Fair Labor
10 Standards Act ("FLSA") and Nevada state law, against either Defendant." (ECF No. 35 at
11 3.) Thus, the motion to dismiss is potentially dispositive.

12       The parties also dispute the second and third *Kor Media* factors. (ECF Nos. 35,
13 42.) Assuming without deciding whether additional discovery is needed for Defendants'
14 motion to dismiss, the Court focuses on the third factor, or preliminary peak. In conducting
15 this "preliminary peek," the Court reviewed the operative Complaint in this action, (ECF
16 No. 1), the filings related to Defendants' motion to dismiss, (ECF Nos. 28, 34, 41), and
17 the current filings related to the motion to stay, (ECF Nos. 35, 42, 43). Moreover, the
18 Court considered the primary objectives of Rule 1 and the purpose of discovery in this
19 matter.

20       Rosales alleges several claims under the FLSA and Nevada state law for failure
21 to pay overtime wages, minimum wages, and all wages due. (ECF No. 1.) Defendants
22 argue Rosales has failed to state "plausible claims for unpaid wages, failure to pay
23 minimum wage, or failure to pay overtime wages, both under the Fair Labor Standards
24 Act ("FLSA") and Nevada state law, against either Defendant." (ECF No. 35 at 3.)
25 Defendants also assert Rosales's claims are barred by the statute of limitations. (ECF
26 No. 28 at 14-16.)

27       Here, the Court is not convinced the motion to dismiss will be granted in its entirety.
28 Rosales argues that in recent days, Judge Miranda M. Du rejected similar arguments

raised by the Defendants in *Wieben v. Nevada Gold Mines* in granting in-part and deny in-part the Defendants' motion to dismiss. *See* 3:24-CV-00575-MMD-CSC, 2025 WL 1785885 (D. Nev. June 27, 2025). In *Wieben*, the Court particularly denied dismissing similar claims related to overtime pay and minimum wages and the requisite statute of limitations as raised by Rosales in this case. *See id.* Defendants assert there are key differences between *Wieben* and the case at hand. But considering that Defendants themselves assert that "some of [the] claims may be remedied by amending the complaint," (ECF No. 35 at 7), the Court is not convinced Rosales will not be able to state claims for relief such that discovery would be a waste of effort. To the extent Defendants' motion to dismiss is based on pleading deficiencies, the District Court will likely grant Rosales leave to amend her complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Therefore, the Court is therefore not "convinced" that Defendants motion to dismiss will be granted and finds that Defendants fail to make the "strong showing" necessary to support a stay of discovery. Even if Defendants are correct that Rosales has not yet met the relevant pleading standards, a stay is unwarranted because an amendment will likely be allowed which could cure the present deficiencies. Proceeding with discovery while Defendants' motion to dismiss is pending will further the just and speedy determination of this case. *See* Fed. R. Civ. P. 1. Accordingly, the Court finds Defendants' motion to stay discovery should be denied.

Having determined Defendants have failed to make the strong showing required to stay discovery pending a decision on the motion to dismiss, the motion to stay discovery, (ECF No. 35), is **DENIED**. Pursuant to the Court's June 23, 2025 Minute Order, (ECF No. 37), the parties are **ORDERED** to file a joint case management report by no later than **THURSDAY, AUGUST 7, 2025.**

**IT IS SO ORDERED**.

**DATED**: July 24, 2025.

                                                                     _____
                                                                     **UNITED STATES MAGISTRATE JUDGE**